IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM PETROV, | ) | 8:13CV210 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HARASSING PARTIES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of Plaintiff's Complaint. (Filing No. 1.) Plaintiff has been granted leave to proceed in forma pauperis in this matter. (Filing No. 5.) Accordingly, the court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.     SUMMARY OF COMPLAINT

Plaintiff named "Harassing Parties" as Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) The return address on Plaintiff's envelope reflects that he resides in Round Lake, Illinois. (*Id.* at CM/ECF p. 3.)

Plaintiff's allegations are nonsensical. He states, in part:

The plaintiff, Jim A. Petrov, would like to bring to the Court's attention the aggressive behavior of one of two groups, 'SK and Co', or possibly 'Co and SK', to be understood as the following:

Either as A. Stacee Kalmanovsky, as her voice is the identifying trademark which indicates the presence of stalking, as an active or compliant partner to the instances of harassment, and the group of persons party to harassment

> or B. "CO and SK", in the case of a company of facilitating agents and mediators making use of the voice of Stacee Kalmanovsky in order to produce recorded materials that prove 'offensive', in a contextual basis
>
> The plaintiff contends that as the result of prior relationships, the aggressive usage of the recorded materials (representing in excess of 85% of air-time at over a dozen commercial retailers), across state lines, and through every available medium, should be understood as:
>
> 1. stalking
> 2. sexual harassment
> 3. violations of the plaintiffs right to and 'reasonable expectation of privacy'
>
> The plaintiff further recommends that the 'universal music retail and distribution contracts' that allow for 'targeted play' of this variety be reviewed with an ear to eliminate harassment and segregation.

(*Id.* at CM/ECF p. 1.) As relief, Plaintiff seeks, among other things, "an order restricting or prohibiting further harassment." (*Id.* at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, Plaintiff's allegations are nonsensical. The allegations the court can decipher do not nudge any claim across the line from conceivable to plausible. Indeed, even with the most liberal construction possible, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous and nonsensical. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). Furthermore, given that Plaintiff has failed to provide any factual or legal basis for any sort of claim, the court finds that providing Plaintiff with an opportunity to amend his Complaint would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3

DATED this 24th day of September, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.